No. 13903

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ARLEN D. JOHNSON,

Defendant and Appellant.

Appeal from:  District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Leonard Haxby argued, Butte, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Sheri Sprigg argued, Assistant Attorney General, Helena,
Montana
John G. Winston, County Attorney, Butte, Montana
Craig Phillips argued, Deputy County Attorney, Butte,
Montana

Submitted: June 12, 1978
Decided: JUL 12 1978

Filed:

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by defendant from his conviction of arson following a jury trial in the District Court, Silver Bow County.

On November 26, 1976, at approximately 3:15 a.m., a fire was reported at the Roadhouse in Butte, Montana. As a result of that fire, the bar was burned and the carpet charred. An investigating officer and the fire marshall testified that the windows were broken, a rock was found inside the bar, and beer bottles which smelled of gasoline were found inside the bar.

A deputy sheriff testified that at about 3:10 a.m. he saw defendant in a car in the vicinity of the Roadhouse. This officer then proceeded to the scene of the fire. He testified that when he left the fire, he saw this same car in a parking lot farther down the street.

On November 27, 1976, defendant was questioned by the police about the fire. The officer who questioned defendant testified that defendant smelled of gasoline and had a bandage on his right hand. Defendant stated he burned his hand on the exhaust pipe of his car.

Defendant was arrested on the charge of arson at about 1:00 a.m. on December 1, 1976. At about that time, three other defendants had been arrested for this offense. Allegedly each of these defendants had confessed to their involvement and implicated defendant. None of these defendants testified against defendant at trial.

At between 8:00 and 8:30 a.m. on December 1, 1976, the county attorney for Silver Bow County went to the jail to see defendant. He asked the jailer to bring defendant out of his cell. At trial, the county attorney testified as follows:

- 1 -

"Q. Could you relate the circumstances surround-
ing this conversation? A. Yes. I went to the
Jail about 8:30 in the morning and asked the Jailer
to get the Defendant, Arlen Johnson, out of the cell,
that I wanted to speak with him.

"When he brought him out, I made a statement to
the Defendant to the effect 'that investigation has
taken place that has implicated you in the Roadhouse
fire. Do you wish to make a statement regarding
the Roadhouse fire?' His reply to me was, 'Yes, I
did it.'

"At that time, I asked him, 'Have you been read
your rights?' He informed me that he had been read
his rights the previous evening, that would have
been 12:50 in the morning of the same day, he'd been
read his rights about seven hours before that it
would have been."

The county attorney then asked defendant to accompany him to his

office to make a written statement. At the county attorney's

office, defendant was read his rights and was asked to make a

statement about the fire. Defendant refused to make any further

statements. At trial, defendant denied having made the "Yes, I

did it" statement.

On December 8, 1976, the county attorney requested leave

to file an information against defendant and the other three de-

fendants. On December 10, 1976, defendant plead not guilty to

the charge of arson.

On December 10, 1976, defendant prepared a motion to quash,

which was filed on December 16, 1976. The basis of the motion

was that the county attorney's affidavit of probable cause was

insufficient. On December 13, 1976, the county attorney filed a

brief in opposition to defendant's motion. In this brief, the

county attorney first made reference to defendant's oral state-

ment to him.

On January 18, 1977, defendant filed a motion to suppress

all evidence, oral or tangible, that was obtained from defendant.

On February 24, 1977, defendant filed an amended motion to suppress.

In this motion, he sought suppression of any oral statements

made by defendant to the county attorney. On March 4, 1977, the

- 2 -

county attorney filed an affidavit concerning the statements to him that defendant sought to have suppressed. Defendant then requested that he be allowed to depose the county attorney which was done on March 8, 1977. On April 1, the District Court held a hearing on the motions to quash and suppress. The court denied both motions on April 8, 1977.

On April 7, 1977, the other three defendants withdrew their "not guilty" pleas and plead guilty to the charge of arson. They were given a deferred imposition of sentence for 30 months, with the first four months to be served in the county jail. The court also ordered each defendant to make restitution in the sum of $1,500 each.

Defendant's trial began on April 25, 1977. At trial, defendant moved to bar the county attorney from testifying about any admissions or confessions made by the defendant. After listening to the county attorney's testimony, out of the presence of the jury, the court ruled that defendant's statement was voluntary and admissible. At the end of the State's case, defendant moved for a directed verdict or dismissal, which was denied. The jury found defendant guilty. The court imposed a sentence of five years in the state prison. Defendant is free on bond while this case is on appeal.

On appeal, defendant raises four issues for our consideration. We hold that defendant's conviction must be reversed and, therefore, we will only discuss the issue that requires reversal. That issue is whether the trial court improperly admitted the testimony of the county attorney as to any statements defendant may have made.

Defendant contends that the testimony of the county attorney about the alleged statement of defendant to him was inadmissible evidence. He argues that there was no proof that he was given his <u>Miranda</u> rights. Further, he claims that he

- 3 -

did not make the statement the county attorney testified to.

On the other hand, the State argues that defendant's statement was voluntary. They contend that such a statement is admissible evidence without defendant being given his _Miranda_ rights prior to the statement. They go on to argue that if defendant had to be given his _Miranda_ rights prior to his statement, to make it admissible in evidence, the county attorney testified that defendant was given his rights. They argue then that the requirements of _Miranda_ were met.

We hold that the requirements of _Miranda_ were not met in this case. State v. Lenon (1977), ____Mont.____, 570 P.2d 901, 34 St.Rep. 1153, is distinguishable upon its facts. In _Lenon_ this Court found that two earlier warnings of defendant's _Miranda_ rights, prior to his confession, were sufficient to allow the confession into evidence. In that case the defendant was given two verbal warnings the night of his arrest, and the next day defendant wrote his confession on a form which also had the _Miranda_ warning on it. Clearly, in _Lenon_, the requirements of _Miranda_ were met. However, that is not so in the case now before us.

Here, the only evidence in the record that defendant was given his _Miranda_ rights was the testimony of the county attorney that defendant was given his "rights". We do not know what the defendant was told about his rights. Without knowing that, we cannot possibly determine if defendant was properly advised of his rights prior to making any statement to the county attorney.

Defendant's statement was inadmissible without his being given the _Miranda_ warning or otherwise being fully advised of his rights. The underlying test of admissibility of a confession is voluntariness. State v. Zachmeier (1968), 151 Mont. 256,

- 4 -

441 P.2d 737. As was pointed out in Zachmeier, the object of the rules of Miranda is to make sure that a confession is voluntary.

We recognize that Miranda warnings are not required in every instance. State v. Hallam (1978), ____Mont.____, 575 P.2d 55, 35 St.Rep. 181. But, contrary to the State's position, it cannot be said that because a statement is voluntary, Miranda warnings are not required. Whether such warnings must, or must not be given, depends upon the circumstances surrounding the alleged confession.

This Court has said that where the police investigation has focused on a particular suspect who is held in police custody, law enforcement officers must adopt effective safeguards securing the suspect's constitutional right against self-incrimination prior to questioning him, in order to render any statements the suspect makes admissible in evidence against him at his trial. State v. Lucero (1968), 151 Mont. 531, 445 P.2d 731. We have held that where an individual is not in custody and the police investigation has not focused on just that individual, any voluntary statements made by the individual are admissible without the Miranda warnings being given. State ex rel. Berger v. District Court (1967), 150 Mont. 128, 432 P.2d 93. Nor are Miranda warnings necessary when an individual makes a voluntary statement to a person who is not a law enforcement officer. State v. Hallam, supra. A statement that is spontaneous outburst is admissible without the Miranda warnings. United States v. Mattson (1972), 469 F.2d 1234, cert.denied 410 U.S. 986, 93 S.Ct. 1513, 36 L Ed 2d 183. It has been held that an unsolicited remark, not in response to interrogation, is admissible without the Miranda warnings. United States v. Trosper (1971), 450 F.2d 319. In all of these cases, the determination of whether Miranda warnings are necessary

- 5 -

was made by examining all of the circumstances surrounding the individual's statement.

Our examination of the circumstances surrounding defendant's statement in the light most favorable to the State shows that defendant had to be given his _Miranda_ rights to make his statement admissible. Undeniably, defendant was in custody and deprived of his freedom of action. The investigation of the fire at the Roadhouse had focused on defendant. His statement was not a spontaneous outburst or an unsolicited remark. His response was to the question of the county attorney. Before the question was asked, defendant was informed that he was implicated in the Roadhouse fire. We believe that this was a clear attempt to coerce the defendant to incriminate himself. It was this type of questioning that _Miranda_ addressed. All of the circumstances here show that defendant had to be warned of his _Miranda_ rights in order to make his statement admissible.

We hold that absent proof that defendant was given the _Miranda_ warning or otherwise effectively advised of his rights, the testimony of the county attorney about any statement defendant is claimed to have made is inadmissible.

Without the inadmissible testimony of the county attorney there was no evidence introduced at trial that would support defendant's conviction. The only other evidence introduced was that defendant was seen in the area of the fire, that his clothes smelled of gasoline, and, that his hand was bandaged from a burn for which defendant had an explanation. Since this evidence is not sufficient to support a conviction, a new trial cannot be granted. State v. Langan (1968), 151 Mont. 558, 445 P.2d 565.

The conviction of defendant is reversed and the case remanded to the District Court with instructions to dismiss.

_____
Chief Justice

- 6 -

We concur:

_____

_____

_____

_____

Justices