**UNITED STATES of America, Appellee,**

v.

**Carmen J. CIVELLA, Appellant.**

**No. 82–1359.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1982.

Decided Sept. 14, 1982.

James R. Wyrsch, Koenigsdorf, Kusnetzky, Wyrsch & Stites, Kansas City, Mo., for appellant.

Robert G. Ulrich, U. S. Atty., Robert E. Larsen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Carmen Civella appeals from the district court's order denying his motion, based on the double jeopardy clause of the Fifth Amendment to the United States Constitution, to dismiss his indictment for tax evasion. We affirm.

The United States in a three-count indictment charged Civella with (1) filing a false corporate income tax return for the fiscal year ending in October, 1974, in violation of 26 U.S.C. § 7206(2); (2) tax evasion for the

fiscal year ending in October, 1975, in violation of 26 U.S.C. § 7201; and (3) failing to file a corporate income tax return for the fiscal year ending in October, 1976, in violation of 26 U.S.C. § 7203. The jury convicted Civella on all three counts. The district court, however, set aside the jury verdict on the first count and entered a judgment of acquittal because it found the evidence insufficient to support the conviction. It also set aside the jury verdict on the second count and ordered a new trial, because it concluded that the government's statistically based projections of the income received by Civella's business, a nightclub, should not have been admitted into evidence.[1]

Subsequently, Civella moved the district court to dismiss the second count of the indictment, alleging that retrial of the tax evasion charge would violate the double-jeopardy clause of the Fifth Amendment. The district court denied this motion, and the defendant appeals.

The district court ordered a new trial on the tax evasion charge upon defendant's post-trial motion. Civella, however, relies primarily on cases involving the declaration of a mistrial during trial for his argument that the Fifth Amendment bars his prosecution again on the second count of the indictment. *See, e.g., United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The Supreme Court recently addressed the issue of when the double-jeopardy clause bars the retrial of a criminal defendant after a mistrial has been declared at his or her behest. In *Oregon v. Kennedy,* ——— U.S. ———, 102 S.Ct. 2083, 72 L.Ed.2d 416, 427 (1982), it held that "the circumstances under which [a criminal] defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial *was intended* to provoke the defendant into moving for a mistrial." (Emphasis added.)

The district court, deciding this case before *Oregon v. Kennedy, supra,* concluded that the Fifth Amendment does not bar Civella's retrial on the tax evasion charge because the government's introduction of statistical income projections at the original trial did not constitute intentional prosecutorial misconduct or gross negligence. Alternatively, relying on *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), it held that the double jeopardy clause does not bar a new trial to correct a defect in the original trial which, in this case, was the introduction of inadmissible evidence. After carefully reviewing the record and briefs, we find no error in the district court's decision. Accordingly, we affirm its order denying the defendant's motion to dismiss for the reasons set forth in its opinion dated March 11, 1982.[2]

---

1. The district court did enter judgment on the jury verdict against Civella on the third count of the indictment. On appeal, this Court affirmed the defendant's conviction. *United States v. Civella,* 666 F.2d 1122 (8th Cir. 1981).

2. To the extent that the district court's opinion suggests that the Fifth Amendment might bar retrial of a criminal defendant when a prosecutor unintentionally provokes the defendant to request a mistrial, this suggestion is inconsistent with *Oregon v. Kennedy,* ·· U.S. ·· , 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), and it is not affirmed.