**Charles Jess PALMER, Appellant,**

v.

**Gary GRAMMER, Warden of the Nebraska State Penitentiary, Appellee.**

No. 84–1689.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1987.

Decided Dec. 15, 1988.

Gary L. Dolan, Lincoln, Neb., for appellant.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

Charles Jess Palmer appeals the District Court's dismissal of his petition for a writ of habeas corpus. Palmer, convicted of capital felony murder, bases his claim for relief on the Double Jeopardy Clause. His claim rests on the argument that when, as in his case, a court has held that some of the prosecution's evidence was erroneously admitted and the court has reversed the conviction for that reason, the defendant cannot be retried unless the court first determines that the remaining, properly-admitted evidence was sufficient to support the jury's verdict finding the defendant guilty. In light of the Supreme Court's recent decision in *Lockhart v. Nelson*, — U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), we reject this argument.

I.

In three separate trials, juries in the Nebraska state district court have convicted Palmer of capital felony murder in the strangulation of a Grand Island, Nebraska coin dealer that occurred on March 6, 1979. In each instance, he has been given the death penalty. The Nebraska Supreme Court reversed Palmer's first conviction solely because the trial court had erred in admitting the testimony of witnesses who had been hypnotized during the investigation. *State v. Palmer*, 210 Neb. 206, 313 N.W.2d 648 (1981) (*Palmer I*). After retrial, the second conviction also was reversed solely because of error in the admission of evidence, this ruling concerning testimony by Palmer's former wife. *State v. Palmer*, 215 Neb. 273, 338 N.W.2d 281 (1983) (*Palmer II*). Neither *Palmer I* nor *Palmer II* is based on, or even discusses, sufficiency of the evidence.

After the Nebraska Supreme Court's reversal in *Palmer II* and before the third trial, Palmer filed in the Federal District

Court a petition for writ of habeas corpus. Palmer asserted that his second trial had subjected him, and his third trial also would subject him, to double jeopardy because the remaining evidence in *Palmer I* and *Palmer II*—the properly admitted evidence that remained after the erroneously admitted evidence had been thrown out—was legally insufficient to convict him. The District Court dismissed Palmer's petition as premature. Palmer had not exhausted his state remedies, the court ruled, because he could either petition the Nebraska Supreme Court before the upcoming trial, or pursue other avenues of relief if convicted. *Palmer v. Drum,* CV84–L–144 (D.C.Neb. March 1, 1984). Palmer appealed the habeas dismissal to this Court; we remanded the case to the District Court for further consideration in light of *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984), a case decided during the pendency of Palmer's appeal.[1] *Palmer v. Drum,* No. 84–8041 (8th Cir. May 10, 1984).

On remand, the District Court dismissed Palmer's claim as meritless, ruling that the Double Jeopardy Clause is not violated by retrials after convictions are reversed based on errors in the admission of evidence rather than on findings of evidentiary insufficiency. The court, following *Nelson v. Solem,* 714 F.2d 57 (8th Cir.1983), dismissed the petition as frivolous without discussing whether Palmer had fully exhausted his state remedies. In the same memorandum opinion, the court also denied Palmer's motion to amend his petition "to set forth in greater clarity petitioner's double jeopardy claims and the basis thereof." After rejecting Palmer's request that the court determine the sufficiency of the remaining evidence admitted during his second trial, the court stated: "In light of the nature of the claim asserted and the restrictive nature of the double jeopardy clause, I fail to perceive how the petition could be amended to state a nonfrivolous double jeopardy claim.... Therefore, the motion for leave to amend the petition will be denied." *Palmer v. Grammer,* CV84–L–144, slip op. at 5 (D.Neb. May 22, 1984).

Palmer appealed the dismissal of his petition to this Court, where we held the matter in abeyance pending resolution of all proceedings in the Nebraska state courts. *Palmer v. Drum,* No. 84–1689 (8th Cir. June 8, 1984). Palmer's appeal of his third conviction to the Nebraska Supreme Court ended in an affirmance of his conviction and death sentence. *State v. Palmer,* 224 Neb. 282, 399 N.W.2d 706 (1986) (*Palmer III*), *cert. denied,* —— U.S. ——, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). The Nebraska Supreme Court held, *inter alia,* that the evidence in the second trial, "[a]bsent [the] procedural error," was sufficient, and that the third trial did not violate Palmer's double jeopardy rights. *Id.* at 297, 399 N.W.2d at 719.

Palmer's habeas appeal is now before us. We affirm the District Court's decision that the present petition lacks merit, but we believe, for the reasons set forth later in this opinion, that Palmer should be granted leave to amend.

## II.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb...." The Supreme Court extended this federal constitutional protection to the states by virtue of the Due Process Clause of the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

■ The Supreme Court in *Justices of Boston* stated: "Our cases have recognized three separate guarantees embodied in the Double Jeopardy Clause: It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments

---

1. *Justices of Boston* held that the denial of a motion to dismiss an indictment on double jeopardy grounds is a final appealable order for habeas purposes. In other words, "exhaustion" of a double jeopardy claim does not include undergoing a second trial. 466 U.S. at 303, 104 S.Ct. at 1810.

for the same offense." 466 U.S. at 306–07, 104 S.Ct. at 1812. However, the Double Jeopardy Clause does not protect against a second prosecution for the same offense after the defendant obtains a reversal of his conviction on grounds of trial error. *See id.* at 308, 104 S.Ct. at 1813. The general principle was enunciated in *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896): a criminal defendant who successfully appeals his conviction "may be tried anew ... for the same offense of which he had been convicted." *Id.* at 672, 16 S.Ct. at 1196. Once a convicted defendant obtains a reversal on appeal, "the original conviction has been nullified and 'the slate wiped clean.'" *Bullington v. Missouri,* 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969)). *Accord Poland v. Arizona,* 476 U.S. 147, 154–57, 106 S.Ct. 1749, 1754–56, 90 L.Ed.2d 123 (1986). In *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the Court noted that two considerations support the general rule permitting retrial after reversal. "First, the Court has recognized that society would pay too high a price 'were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.'" *Id.* at 40, 102 S.Ct. at 2217 (quoting *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964)). Second, "retrial after reversal of a conviction is not the type of governmental oppression targeted by the Double Jeopardy Clause." *Id.* (citing *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978)). In short, a reversal is not generally the same as an acquittal. *See United States v. Jorn,* 400 U.S. 470, 483–84, 91 S.Ct. 547, 556–57, 27 L.Ed.2d 543 (1971); *Leggins v. Lockhart,* 822 F.2d 764, 766–67 (8th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988); *United States v. Lagerquist,* 758 F.2d 1279, 1283 (8th Cir.1985); *United States v. Civella,* 688 F.2d 575, 576 (8th Cir.1982).

Although the *Ball* case involved a conviction reversed for trial error, namely, the trial court's failure to dismiss a faulty indictment, the *Ball* doctrine came to stand for the broader proposition that the Double Jeopardy Clause "imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside." *Pearce,* 395 U.S. at 720, 89 S.Ct. at 2078 (emphasis in original) (footnote omitted). In *Bryan v. United States,* 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950), the Supreme Court went so far as to affirm an appellate court's decision to reverse and remand a criminal conviction for retrial not on the basis of trial error, but solely on evidentiary insufficiency.

*Bryan* was overruled by *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), which established an important exception to the general rule allowing retrial after reversal. *Burks* held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient" and therefore the "only 'just' remedy available for that court is the direction of a judgment of acquittal." *Id.* at 18, 98 S.Ct. at 2151. *Burks* distinguishes reversals based on trial error ("*e.g.,* incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct," *id.* at 15, 98 S.Ct. at 2149), from reversals based on insufficient evidence. Reversal for trial error "is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect...." *Id.* at 15, 98 S.Ct. at 2149. When this happens, the accused has a "strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Id.* On the other hand, "[t]he same cannot be said when a defendant's conviction has been overturned due to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble." *Id.* at 16, 98 S.Ct. at 2149–50 (footnote omitted). Retrial after such a finding would merely

"afford[ ] the prosecution another opportunity to supply evidence [that] it failed to muster in the first proceeding," which the "Double Jeopardy Clause forbids." *Id.* at 11, 98 S.Ct. at 2147 (footnote omitted). Significantly, when a conviction is reversed for insufficient evidence, this "means that the government's case was so lacking that it should not have even been *submitted* to the jury." *Id.* at 16, 98 S.Ct. at 2150 (emphasis in original). After explaining that a trial judge should submit a case to a jury "if the evidence and inferences therefrom most favorable to the prosecution would warrant the jury's finding the defendant guilty beyond a reasonable doubt," *id.*, *Burks* concludes: "Given the requirements for entry of a judgment of acquittal, the purposes of the Clause would be negated were we to afford the government an opportunity for the proverbial 'second bite at the apple.' " *Id.* at 17, 98 S.Ct. at 2150.

While *Burks* draws the line between reversals for trial error and reversals for evidentiary insufficiency and, on its facts, forbids retrial only when a conviction is reversed solely for evidentiary insufficiency, it is well-established that *Burks* does not allow an appellate court to reverse for trial error and remand for retrial while ignoring a claim of insufficient evidence.

> [W]hen a defendant challenging his conviction on appeal contends both that the trial was infected by error and that the evidence was constitutionally insufficient, the court may not, consistent with the rule of *Burks v. United States*, ignore the sufficiency claim, reverse on grounds of trial error, and remand for retrial. Because the first trial has plainly ended, "retrial is foreclosed by the Double Jeopardy Clause if the evidence fails to satisfy the [constitutional standard for sufficiency]. Hence, the [sufficiency] issue cannot be avoided; if retrial is to be had, the evidence must be found to be legally sufficient, as a matter of federal law, to sustain the jury verdict."

*Tibbs v. Florida*, 457 U.S. at 51 [102 S.Ct. at 2223], (WHITE, J., dissenting). See *id.* at 45 [102 S.Ct. at 2220] (majority opinion) (noting that consideration of evidentiary sufficiency before ordering re-trial is part of state appellate court's "obligations to enforce applicable state and federal laws").

*Justices of Boston*, 466 U.S. at 321–22, 104 S.Ct. at 1820 (Brennan, J., concurring) (citation omitted) (second and third brackets in original). The courts in the following cases, among others, decided the sufficiency of the evidence question even after finding reversible error. *Vogel v. Pennsylvania*, 790 F.2d 368 (3d Cir.1986) (mischaracterization by state reviewing court of reversal for insufficiency as reversal based on weight of the evidence); *United States v. Palzer*, 745 F.2d 1350 (11th Cir.1984) (mispolling of jury); *United States v. Sneed*, 705 F.2d 745 (5th Cir.1983) (improper jury selection); *United States v. Prieskorn*, 658 F.2d 631 (8th Cir.1981) (incorrect jury instructions); *United States v. Marolda*, 648 F.2d 623 (9th Cir.1981) (incorrect jury instructions); *United States v. Morris*, 612 F.2d 483 (10th Cir.1979) (mispolling of jury); *United States v. United States Gypsum Co.*, 600 F.2d 414 (3d Cir.) (incorrect jury instructions), *cert. denied*, 444 U.S. 884, 100 S.Ct. 175, 62 L.Ed.2d 114 (1979); *United States v. Vargas*, 583 F.2d 380 (7th Cir.1978) (prosecutorial misconduct).

■ Our decision in *Prieskorn* illustrates the point. In that case, we reversed a drug conspiracy conviction for trial error consisting of improper jury instructions, but also determined that the trial evidence was sufficient to support the conviction before we remanded the case for retrial. *Prieskorn*, 658 F.2d at 633. We cited *Burks* as requiring this sufficiency determination. *Id.* We did not read *Burks* as permitting the government to retry Prieskorn, regardless of his claim of evidentiary insufficiency, once we had found reversible trial error. In essence, *Burks* requires us to order acquittal based on a convicted defendant's insufficiency claim, regardless of other reversible error, if "the government's case was so lacking that it should not even have been *submitted* to the jury," 437 U.S. at 16, 98 S.Ct. at 2150 (emphasis in original), provided the prosecution was not prejudiced at trial, as, *e.g.*, where valid

government evidence was erroneously rejected by the trial judge. *See* Westen & Drubel, *Toward a General Theory of Double Jeopardy,* 1978 Sup.Ct.Rev. 81, 147 (1979). On the other hand, "[d]ouble jeopardy principles do not bar a retrial if a conviction is reversed because of error at the trial if the evidence was sufficient to support the verdict." 2 C. Wright, *Federal Practice & Procedure* § 470, at 679 (1982) (footnote omitted).

None of the cases cited above in which the courts assessed the sufficiency of the evidence, even though reversible trial error was present, involved trial error consisting of the erroneous admission of evidence. In each of these cases, the evidence that was submitted to the jury was the same evidence that the reviewing court considered in its sufficiency determination. In the case at hand, Palmer's petition asks the District Court to determine the sufficiency not of all the evidence that was submitted to the jury, but the sufficiency of only the legally competent evidence remaining after the Nebraska Supreme Court rejected some of the testimony as inadmissible.

The question of whether to consider the sufficiency of the remaining evidence in these circumstances, a question specifically left open by the Supreme Court in *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) (decided the same day as *Burks* ), was recently answered by the Supreme Court in *Lockhart v. Nelson,* ——— U.S. ———, 109 S.Ct. 285, 102 L.Ed.2d 265, (1988). In *Nelson,* the defendant pleaded guilty in Arkansas state court to burglary and theft after taking $45 from a vending machine, and was sentenced by a jury to twenty years in prison under the Arkansas habitual criminal offender act. Ark.Stat. Ann. § 41–1001(2)(b) (1977) (current version at Ark.Code Ann. § 5–4–501 (1987)). The enhanced sentence was based on the state's proof of four prior felony convictions. The state later conceded that long before the

sentencing trial Nelson had been pardoned for one of the four convictions upon which the sentence was based. When Nelson learned that the state planned to seek an enhanced sentence in a second sentencing trial using proof of other, valid convictions, he sought a federal writ of habeas corpus to bar the second trial on double jeopardy grounds. Nelson argued to the district court that his sentence was based on insufficient evidence because the state had failed to prove its case. The district court decided that the Double Jeopardy Clause foreclosed the state from attempting to resentence Nelson as an habitual offender. *Nelson v. Lockhart,* 641 F.Supp. 174 (E.D. Ark.1986). This Circuit affirmed. 828 F.2d 446 (8th Cir.1987).[2]

In reversing, the Supreme Court began by characterizing the case as one involving trial error: "It appears to us to be beyond dispute that this is a situation described in *Burks* as reversal for 'trial error'—the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction." *Lockhart v. Nelson,* ——— U.S. at ———, 109 S.Ct. at 290. The Court then proceeded to address the issue now before us—whether the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. *Id.*

The Supreme Court concluded that the Double Jeopardy Clause does not foreclose a retrial in this situation because the reviewing court must look to *all* the evidence, not just the legally admitted evidence, to determine whether a retrial is permitted. The Court stated:

> It is quite clear from our opinion in *Burks* that a reviewing court must consider all of the evidence admitted by the

---

**2.** This Circuit accepted the district court's characterization that "the admission of the pardoned conviction was not trial error," and found that "the evidence as submitted at Nelson's sentencing was insufficient," because proof of three convictions does not prove four. *Nelson v.*

*Lockhart,* 828 F.2d at 449, 451 n. 8. In short, we, like the district court, characterized Nelson's double jeopardy claim as one involving reversal of an enhanced sentence because of insufficient evidence—a claim clearly controlled by *Burks.*

trial court in deciding whether retrial is permissible under the Double Jeopardy Clause—indeed, that was *ratio decidendi* of *Burks, see* 437 U.S. at 16–17 [98 S.Ct. at 2149–2150].... The basis for the *Burks* exception to the general rule is that a reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence. A trial court in passing on such a motion considers all of the evidence it has admitted, and to make the analogy complete it must be this same quantum of evidence which is considered by the reviewing court.

*Id.* The Court further noted that "[p]ermitting retrial in this instance is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to 'obtai[n] a fair adjudication of his guilt free from error.' " *Id.,* — U.S. at —, 109 S.Ct. at 290 (quoting *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149).[3]

■ As required by the Supreme Court's decision in *Nelson,* we hold that Palmer's rights under the Double Jeopardy Clause were not violated on either of the two occasions when the Nebraska Supreme Court decided that some of the prosecution's evidence was improperly admitted, reversed Palmer's conviction, and granted a retrial without first determining the sufficiency of the remaining, properly-admitted evidence at the previous trial.

### III.

For the reasons stated, we affirm the District Court's ruling that Palmer's present claim is without merit. However, we reverse the District Court's denial of leave to amend and we remand this case to the District Court with instructions to allow Palmer to amend his petition. A properly exhausted and nonprocedurally barred claim by Palmer challenging the sufficiency of *all* the evidence in his first or second trial (or both) would constitute a cognizable double jeopardy claim. *See Burks,* 437 U.S. at 16, 98 S.Ct. at 2150. Such a claim may be asserted in a federal habeas proceeding and a federal district court must entertain it. *See Jackson v. Virginia,* 443 U.S. 307, 320–24, 99 S.Ct. 2781, 2789–92, 61 L.Ed.2d 560 (1979). We certainly do not decide, but only note that it is conceivable, even if it may not be likely, that the state did not muster enough evidence in Palmer's first or second trials even to submit its case to the jury, so that, under *Burks,* Palmer should not have been retried. It is because of this possible double jeopardy violation that we remand this case rather than affirm outright the decision of the District Court.

We recognize that any such amended petition must persuade the District Court that Palmer has exhausted his state remedies. *See* 28 U.S.C. § 2254(b); *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Tyler v. Gunter,* 819 F.2d 869, 870–71 (8th Cir.1987). Because that issue is not properly before us, we

---

**3.** Even before the Supreme Court's decision in *Nelson,* the principle that a reviewing court must consider all the evidence admitted at trial in determining whether retrial is permissible under the Double Jeopardy Clause had been adopted by all the federal courts of appeals that had decided this issue. *See United States v. Porter,* 807 F.2d 21 (1st Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987); *United States v. Tranowski,* 702 F.2d 668 (7th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3586, 82 L.Ed.2d 884 (1984); *United States v. Sarmiento–Perez,* 667 F.2d 1239 (5th Cir.), *cert. denied,* 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 75 (1982); *United States v. Harmon,* 632 F.2d 812 (9th Cir.1980); *United States v. Mandel,* 591 F.2d 1347 (4th Cir.), *aff'd on rehearing,* 602 F.2d 653 (4th Cir.1979) (en banc), *cert. denied,*

445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980); *United States v. Block,* 590 F.2d 535 (4th Cir.1978). State court decisions on this issue were divided. *Compare State v. Gray,* 200 Conn. 523, 512 A.2d 217, 225–26 (1986), and *State v. Wood,* 596 S.W.2d 394, 398–99 (Mo.), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980) (holding that when a trial court is reversed for erroneously admitting evidence, the State is not barred from retrying the defendant even though the remaining evidence is insufficient to uphold the conviction) *with State v. Bannister,* 60 Haw. 658, 594 P.2d 133, 135 (1979), and *State v. Johnson,* 177 Mont. 182, 580 P.2d 1387, 1390 (1978) (holding that when evidence other than the erroneously admitted evidence is not sufficient to support a conviction, a retrial is not permitted).

express no opinion thereon. If an amended petition is filed, it will be for the District Court to determine whether Palmer has exhausted his state remedies (and, if he has not, whether there is a procedural bar) with respect to a double jeopardy claim based on the theory that the totality of the evidence at either his first or second trial (or both) was insufficient to warrant submission of the case to the jury.

The decision of the District Court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.