**Charles Jess PALMER, Appellant,**

v.

**Harold CLARKE, Warden of Nebraska State Penitentiary, Appellee.**

No. 90–2829.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1991.

Decided April 10, 1992.

Rehearing and Rehearing En Banc Denied May 20, 1992.

Gary L. Dolan, Lincoln, Neb., argued, for appellant.

J. Kirk Brown, Lincoln, Neb., argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

Charles Jess Palmer appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition. We affirm the district court's rejection of Palmer's double jeopardy challenge to his second conviction. We remand Palmer's double jeopardy challenge to his third trial and retain jurisdiction to consider the findings and conclusions made on remand.

This is a procedurally complex case. Although the complete history is not necessary to our decision, we believe we should explain the course of state and federal proceedings over the past eleven years. Nebraska has tried Palmer three times for the murder of a Grand Island coin dealer. Each time, a jury convicted Palmer of capital felony murder and judges sentenced him to death. The Nebraska Supreme Court reversed Palmer's first conviction because the trial court erroneously admitted the testimony of witnesses who had been hypnotized. *State v. Palmer,* 210 Neb. 206, 313 N.W.2d 648, 655 (1981) (*Palmer I*). The Nebraska Supreme Court reversed Palmer's second conviction because his wife gave prejudicial eyewitness testimony against him in violation of Nebraska's marital privilege statute, Neb.Rev.Stat. § 27-505(2) (1979). *State v. Palmer,* 215 Neb. 273, 338 N.W.2d 281, 284 (1983). (*Palmer II*). Although Palmer's wife had filed for divorce after *Palmer I,* Palmer's divorce appeal was pending and thus the Palmers were still technically married when Palmer's wife testified. *Id.* at 282–84.

After the Nebraska Supreme Court reversed Palmer's second conviction in September 1983, Palmer filed a pro se motion in state court to dismiss the proceedings against him. Palmer asserted a third trial would violate the Double Jeopardy Clause because at his second trial the prosecutor and judge committed misconduct in offering and admitting the testimony of Palmer's wife. Palmer contended that without his wife's inadmissible testimony, the evidence was insufficient to convict him. In December 1983 the Nebraska trial court denied Palmer's motion. On March 1, 1984, Palmer filed this habeas action under 28 U.S.C. § 2241(c)(3) asserting "his second trial had subjected him, and his third trial also would subject him, to double jeopardy because the remaining evidence in *Palmer I* and *Palmer II*—the properly admitted evidence that remained after the erroneously admitted evidence had been thrown out—was legally insufficient to convict him." *Palmer v. Grammer,* 863 F.2d 588, 590 (8th Cir.1988). Palmer also asserted his third trial would violate double jeopardy

and due process because in his second trial, the prosecutor offered and the judge admitted the testimony of Palmer's wife in bad faith. Palmer sought a stay preventing Nebraska from trying him a third time while his habeas was pending. The same day, the district court dismissed Palmer's petition for failure to exhaust state remedies, stating that although Palmer might not have a current avenue of appeal to the Nebraska Supreme Court, he could seek habeas relief after his third trial if convicted. On March 2, 1984, Palmer appealed the district court's dismissal of his habeas petition. State proceedings, however, continued. On March 8, 1984, a Nebraska jury convicted Palmer a third time. *See* 28 U.S.C. § 2251 (1988) (when a stay is not granted, state court proceedings are valid as if no habeas appeal is pending). The testimony of Palmer's wife was admissible at Palmer's third trial because the Nebraska legislature amended the marital privilege statute in response to Palmer's case. *See State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706, 714–15 (1986) (*Palmer III*), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987).

We remanded Palmer's habeas case to the district court for further consideration on May 10, 1984. We believed the district court should reconsider the exhaustion question in light of a recent Supreme Court case, *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 303, 104 S.Ct. 1805, 1810–11, 80 L.Ed.2d 311 (1984) (plurality opinion) (holding exhaustion of a double jeopardy claim does not require undergoing the impending challenged trial). On May 17, 1984, Palmer filed a motion for a stay of state proceedings. On May 22, 1984, the district court denied Palmer's motion and dismissed Palmer's petition as frivolous without deciding whether Palmer had exhausted his state remedies. Because the two state court reversals did not involve the sufficiency of the evidence, the district court concluded Palmer's double jeopardy claims lacked merit. The district court also rejected Palmer's misconduct claim as irrelevant because no mistrial occurred. In addition to his claims on the merits, Palmer had sought leave to amend his petition " 'to

set forth in greater clarity [his] double jeopardy claims and [their] basis.' " 863 F.2d at 590. Believing Palmer could not amend his petition to assert a nonfrivolous double jeopardy claim, the district court denied leave to amend.

Palmer appealed the district court's ruling on May 24, 1984, and we held the appeal in abeyance pending resolution of proceedings in Nebraska state courts. After a capital sentencing hearing, a panel of Nebraska judges sentenced Palmer to death. On December 29, 1986 the Nebraska Supreme Court affirmed Palmer's third conviction and sentence. *Palmer III*, 399 N.W.2d at 738. The court concluded sufficient evidence supported Palmer's third conviction. *Id.* at 714. The court also rejected Palmer's double jeopardy challenges to his third trial based on the sufficiency of the evidence at his second trial and prosecutorial and judicial misconduct at his second trial. *Id.* at 718–19. In October 1987 we heard oral argument in Palmer's case. While the appeal was pending, the Supreme Court held the Double Jeopardy Clause does not bar retrial of a defendant whose conviction is reversed because evidence was erroneously admitted and the admissible evidence was insufficient to support conviction, unless all the evidence, including the inadmissible evidence, was insufficient to support conviction. *Lockhart v. Nelson*, 488 U.S. 33, 34, 109 S.Ct. 285, 287, 102 L.Ed.2d 265 (1988). Based on *Lockhart*, we affirmed the district court's ruling that Palmer's petition challenging the sufficiency of the admissible evidence was without merit. *Palmer v. Grammer*, 863 F.2d at 594. Nevertheless, we reversed the district court's denial of leave to amend and remanded Palmer's case to the district court with instructions allowing Palmer to amend his petition. We stated:

A properly exhausted and nonprocedurally barred claim by Palmer challenging the sufficiency of *all* the evidence in his first or second trial (or both) would constitute a cognizable double jeopardy claim.... We certainly do not decide, but only note that it is conceivable ... that the state did not muster enough

evidence in Palmer's first or second trials even to submit its case to the jury, so that ... Palmer should not have been retried. It is because of this possible double jeopardy violation that we remand this case rather than affirm outright the decision of the [d]istrict [c]ourt.

We recognize that any such amended petition must persuade the [d]istrict [c]ourt that Palmer has exhausted his state remedies. Because that issue is not properly before us, we express no opinion [on the issue]. If an amended petition is filed, it will be for the [d]istrict [c]ourt to determine whether Palmer has exhausted his state remedies (and, if he has not, whether there is a procedural bar) with respect to a double jeopardy claim based on the theory that the totality of the evidence at either his first or second trial (or both) was insufficient to warrant submission of the case to the jury.

*Id.* at 594–95 (citations omitted).

Palmer filed his amended petition on March 9, 1989, asserting his imprisonment before his third trial violated double jeopardy and due process for several reasons. Palmer contended the totality of the evidence at each of his first two trials was insufficient to convict him. Palmer asserted the district court should not consider his former wife's testimony when reviewing the sufficiency of the evidence at his second trial because the testimony was obtained through judicial and prosecutorial misconduct. Palmer contended the judge and prosecutor knew Palmer's wife's testimony was inadmissible, but offered and admitted it anyway, knowing that Palmer could be retried if his conviction was reversed based on admission of his wife's testimony. To develop the facts of Palmer's misconduct claim, the magistrate judge originally granted Palmer's request to depose the prosecutors and trial judge in Palmer's second trial. After the State sought a protective order, however, the magistrate judge cancelled the depositions. In deciding Palmer's petition, the magistrate judge declined to consider Palmer's misconduct argument because the magistrate judge believed it was beyond our re-

mand order and thus not properly before the district court. Reviewing all the evidence in each of the first two trials, including the improperly admitted evidence, the magistrate judge concluded sufficient evidence supported Palmer's first two convictions. The district court adopted the magistrate judge's recommendation and denied Palmer's petition.

On appeal, the State asserts this entire action should be dismissed because Palmer should be required to assert all his constitutional challenges to his third conviction in a single habeas action or be precluded from raising the additional claims in a later petition. We disagree.

It is well established that federal district courts can entertain pretrial habeas petitions in which the petitioner asserts an impending state trial violates the Double Jeopardy Clause. *Lydon,* 466 U.S. at 303, 104 S.Ct. at 1810–11; *Mars v. Mounts,* 895 F.2d 1348, 1350–51 & n. 3 (11th Cir.1990); *Reimnitz v. State's Attorney,* 761 F.2d 405, 409–10 (7th Cir.1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir.1981); *Benson v. Superior Court,* 663 F.2d 355, 359 (1st Cir.1981); *Drayton v. Hayes,* 589 F.2d 117, 120–21 (2d Cir.1979). Although a jury convicted Palmer a third time while his habeas petition was pending, Palmer's pretrial double jeopardy challenge to his third trial is not moot. *Reimnitz,* 761 F.2d at 410. The State concedes Palmer exhausted his double jeopardy claims, including the misconduct claim, before he amended his petition. Thus, Palmer properly raised a pretrial double jeopardy challenge to his impending third trial, the pretrial challenge remains viable, and Palmer's habeas petition contains no unexhausted claims requiring dismissal under *Rose v. Lundy,* 455 U.S. 509, 510, 522, 102 S.Ct. 1198, 1199, 1205, 71 L.Ed.2d 379 (1982).

Contrary to the State's assertion, we believe Palmer can raise constitutional challenges to his third conviction and sentence in a later habeas petition. In the habeas petition before us, Palmer did not (and could not) challenge the legality of the third conviction or resulting sentence be-

cause the third trial had not yet occurred. Because claims arising from Palmer's third trial were unavailable when he filed this habeas petition, a new petition raising these claims will not abuse the writ. *See Olds v. Armontrout,* 919 F.2d 1331, 1332 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991). Further, the loss of a pretrial double jeopardy challenge on the merits does not preclude a defendant from raising a double jeopardy challenge in a posttrial habeas petition. *Stratton v. United States,* 862 F.2d 7, 8 (1st Cir.1988) (per curiam) (citing *Illinois v. Vitale,* 447 U.S. 410, 420–21, 100 S.Ct. 2260, 2267–68, 65 L.Ed.2d 228 (1980)). Although a jury convicted Palmer a third time while this habeas was pending, we did not authorize Palmer to assert any claims arising from his third conviction in his amended petition. Thus, in his amended petition, Palmer stated he was "not alleging and [was] expressly reserving any arguments [that] he [might] have arising out of his third trial and conviction." In addition, this petition challenges the decision to try Palmer a third time and his accompanying pretrial imprisonment, not the third judgment of conviction and sentence. Accordingly, a later petition attacking Palmer's third conviction will not be successive. *See* 1 James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 26.7(b), at 415–16 (1988).

■ We turn to Palmer's double jeopardy challenge to his third trial. The district court concluded the totality of the evidence at the second trial, including the testimony of Palmer's wife, was sufficient to convict him. The district court did not consider whether it should exclude the testimony of Palmer's wife based on Palmer's misconduct claim because the court believed it was beyond the scope of our remand order. On appeal, Palmer does not argue the totality of the evidence was insufficient to convict him. Instead, Palmer asserts the district court should have considered his misconduct claim and conducted an evidentiary hearing to explore the underlying facts.

In our view, Palmer's misconduct argument is an integral part of his sufficiency argument. Palmer relies on dicta in *Lockhart* suggesting prosecutorial misconduct in the submission of evidence may be an exception to *Lockhart*'s rule that courts must include erroneously admitted evidence when reviewing the sufficiency of the evidence. *See* 488 U.S. at 34, 36 n. 2, 109 S.Ct. at 285, 288 n. 2. Based on *Lockhart,* at least one circuit has recognized that prosecutorial misconduct in submission of evidence may violate double jeopardy. *See Evans v. Thompson,* 881 F.2d 117, 123 n. 1 (4th Cir.1989) (although the Double Jeopardy Clause permits retrial when a conviction is reversed for trial error, the clause bars retrial when that trial error is the product of deliberate prosecutorial misconduct); *see also United States v. Quinn,* 901 F.2d 522, 531 (6th Cir.1990) (recognizing *Lockhart*'s possible exception). If the testimony of Palmer's wife at the second trial was admitted through prosecutorial and judicial misconduct, it may be that the district court should not consider that testimony when reviewing the sufficiency of the evidence.

Because Palmer's misconduct claim is part of his sufficiency argument, it is compatible with our earlier remand order, 863 F.2d at 594–95, and the district court should consider it. Thus, we remand the issue of the sufficiency of the evidence at Palmer's second trial to the district court. We leave it initially to the district court to decide whether it must conduct an evidentiary hearing to develop the facts necessary to Palmer's misconduct claim. If the district court finds the prosecutor and trial judge committed misconduct, the court must decide whether to consider the testimony of Palmer's wife when reviewing the sufficiency of the evidence at Palmer's second trial.

Neither party raises arguments concerning the first trial. The district court concluded the totality of the evidence at Palmer's first trial was sufficient to convict him. Having reviewed the record, we agree. Thus, Palmer's second trial did not violate the Double Jeopardy Clause.

Accordingly, we affirm the dismissal of Palmer's double jeopardy challenge to his

second trial, but remand Palmer's double jeopardy challenge to his third trial for further consideration. Because this habeas action is old, we ask the district court to certify its findings and conclusions to us as promptly as possible. This panel will retain jurisdiction to review the district court's findings of fact and conclusions of law.