**Charles Jess PALMER, Appellant,**

v.

**Harold CLARKE, Warden of Nebraska State Penitentiary, Appellee.**

**No. 90–2829.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1993.

Decided Dec. 27, 1993.

Rehearing Denied Jan. 25, 1994.

---

Gary L. Ddolan, Lincoln, NE, argued, for appellant.

J. Kirk Brown, Lincoln, NE, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Charles Jess Palmer brought this habeas action raising double jeopardy challenges to his second and third trials for the murder of a Grand Island, Nebraska coin dealer. Palmer's petition is before us for the third time, following a limited remand in Palmer's second appeal. *See Palmer v. Clarke*, 961 F.2d 771, 775–76 (8th Cir.1992). We have explained the facts and the history of Palmer's state and federal proceedings in our earlier decisions, and will not repeat them here. *See id.* at 772–74; *Palmer v. Grammer*, 863 F.2d 588, 589–90 (8th Cir.1988). Instead, we briefly outline only the federal habeas history necessary to understand today's decision.

In Palmer's first appeal, we reversed the district court's denial of leave to amend and remanded Palmer's case to the district court. *Palmer v. Grammer*, 863 F.2d at 594. We instructed the district court to allow Palmer to raise claims that his second and third trials violated the Double Jeopardy Clause because all the evidence at his first and second trials was insufficient to convict him. *Id.; see Lockhart v. Nelson*, 488 U.S. 33, 34, 109 S.Ct. 285, 287, 102 L.Ed.2d 265 (1988). Palmer raised these claims in his amended petition, and also asserted that when reviewing the evidence at his second trial, his wife's testimony should not be considered because it was obtained through judicial and prosecutorial misconduct. *See Lockhart*, 488 U.S. at 34, 36 n. 2, 109 S.Ct. at 288 n. 2. The district court did not explore Palmer's misconduct argument because the court believed the argument was beyond the scope of our remand order and was not properly before the district court. The district court reviewed all the evidence at each of the first two trials, including the testimony of Palmer's wife, and concluded sufficient evidence supported Palmer's first two convictions. Thus, the district court denied Palmer's petition.

In Palmer's appeal of that denial, we affirmed the district court's rejection of Palmer's double jeopardy challenge to his second conviction, but remanded Palmer's double jeopardy challenge to his third trial. *Palmer v. Clarke*, 961 F.2d at 775–76. We concluded Palmer's misconduct argument was compatible with our earlier remand order and the district court should have considered it. *Id.* at 775. We remanded, asking the district court to determine whether the prosecutor and trial judge committed misconduct in proffering and admitting testimony of Palmer's wife at his second trial, and if so, to decide whether the testimony should be considered when reviewing the sufficiency of the evidence at Palmer's second trial. *Id.*

After conducting an evidentiary hearing on remand, the district court found "there was no misconduct by prosecutor or judge" because "[n]either the prosecutor nor the trial judge knew the [testimony of Palmer's wife] was inadmissible." The district court concluded the testimony of Palmer's wife should be considered when reviewing the sufficiency of the evidence at Palmer's second trial. Referring to its earlier decision reviewing the totality of the evidence at the second trial, the district court concluded the evidence was sufficient to support Palmer's second conviction, and thus, his third trial did not violate the Double Jeopardy Clause.

We have carefully reviewed the record, and conclude the district court's finding that the judge and prosecutor committed no misconduct is not clearly erroneous. Given the absence of misconduct, the testimony of Palmer's wife should be included when reviewing the sufficiency of the evidence at Palmer's second trial. We agree with the district court that the evidence at Palmer's second trial, including his wife's testimony, was sufficient to convict him. Indeed, Palmer did not argue in his last appeal that the totality of the evidence at his second trial was insufficient. We thus conclude Palmer's third trial did not violate the Double Jeopardy Clause.

Accordingly, we deny Palmer's petition for a writ of habeas corpus.