In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1847

Chris Jacobs,

Applicant,

v.

Gary R. McCaughtry,

Respondent.

On a Motion for an Order Authorizing the
District Court to Entertain a Second or
Successive Petition for Collateral Review

Submitted April 9, 2001--Decided May 9, 2001

Before Harlington Wood, Jr., Rovner, and
Evans, Circuit Judges.

Per Curiam.  The district court dismissed
Chris Jacobs's petition for a writ of
habeas corpus, 28 U.S.C. sec. 2254, on
the ground that it was a second or
successive petition that could not be
filed without prior authorization from
this court. See 28 U.S.C. sec.
2244(b)(3). Before us now is Jacobs's
application under sec. 2244(b)(3),
seeking such authorization. We dismiss
the application as unnecessary and
instruct the district court to accept
Jacobs's petition.

In 1988 Jacobs was charged with five
counts of first degree murder. He was
tried before a jury in October 1989 and
acquitted on all five counts.
Approximately 4 years later, the State,
armed with new evidence, charged Jacobs
again, this time with kidnapping and
false imprisonment. Jacobs moved to
dismiss the new charges on double
jeopardy grounds, but the state courts
denied his motion. Jacobs then filed a
petition for a writ of habeas corpus in
federal district court, arguing that
double jeopardy and/or collateral
estoppel barred prosecution. The district
court denied the petition, and this court
affirmed on appeal. Jacobs v. Marathon
County, Wis., 73 F.3d 164 (7th Cir.

1996).

   In August 1998 Jacobs was convicted
after a jury trial on the kidnapping and
false imprisonment charges. After
exhausting his state remedies, Jacobs
filed a sec. 2254 petition in federal
district court, challenging both his
conviction and his sentence. The district
court concluded that this petition was
second or successive and dismissed for
lack of jurisdiction under 28 U.S.C. sec.
2244(b)(3)(A).

   Jacobs now argues that the petition he
wishes to file is not a second or
successive collateral attack within the
meaning of sec. 2244. We agree. Jacobs's
first petition is properly classified as
a sec. 2241 petition because it was filed
pretrial and not while he was "in custody
pursuant to judgment of a state court."
See Walker v. O'Brien, 216 F.3d 626, 633
(7th Cir. 2000) (sec. 2254 is the vehicle
for prisoners in custody pursuant to the
judgment of a state court, but not those
in state custody for some other reason,
such as preconviction custody; in the
latter case, sec. 2241 remains
available); see also Santamaria v.
Horsley, 133 F.3d 1242, 1243 (9th Cir.
1998) (reviewing pretrial habeas petition
under sec. 2241); Palmer v. Clarke, 961
F.2d 771, 774 (8th Cir. 1992) (stating
that "federal district courts can
entertain pretrial habeas petitions
[under sec. 2241] in which the petitioner
asserts [that] an impending state trial
violates the Double Jeopardy Clause");
Dickerson v. Louisiana, 816 F.2d 220, 224
(5th Cir. 1987) (holding that inmate's
pretrial habeas petition was properly
brought under sec. 2241, which applies to
persons in custody regardless of whether
final judgment has been rendered and
regardless of the present status of the
case pending against him). And sec. 2244,
by its terms, does not apply to petitions
brought under sec. 2241. Rather, it
requires permission only before "a second
or successive habeas corpus application
under section 2254" may be commenced. 28
U.S.C. sec. 2244(b)(1), (2) (emphasis
added); see also Valona v. United States,
138 F.3d 693, 694 (7th Cir. 1998) (the
prior-approval mechanism of sec. 2244
does not apply to petitions brought under
sec. 2241). Thus, because Jacobs's first
collateral attack is not covered under
sec. 2244, the petition he now seeks to

file is not second or successive within the meaning of that section:  it is, in fact, Jacobs's first federal challenge to his conviction and sentence.

   Because the petition Jacobs seeks to file is not second or successive within the meaning of sec. 2244, authorization from this court is unnecessary. Accordingly, the application for authorization is DISMISSED. We instruct the district court to accept filing of Jacobs's petition for a writ of habeas corpus nunc pro tunc to the date he originally filed the petition. Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997).