# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3602
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Andrew Burrage

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 3, 2014
Filed: March 7, 2014

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

This case is on remand from the Supreme Court of the United States. ***Burrage v. United States***, 134 S. Ct. 881 (2014). A jury convicted Marcus Andrew Burrage of distribution of heroin and distribution of heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 20 years' imprisonment, consistent with § 841(b)(1)(C)'s prescribed minimum. Burrage appealed, challenging, among other things, the jury instructions for § 841(b)(1)(C).

This court affirmed. ***United States v. Burrage***, 687 F.3d 1015 (8th Cir. 2012). In light of the Supreme Court's ruling in *Burrage*, this court reverses the conviction on Count 2 and remands.

I.

Burrage objected to the jury instructions for 21 U.S.C. § 841(b)(1)(C), a penalty provision increasing the minimum sentence for distribution of heroin "if death or serious injury *results from* the use of such substance." (emphasis added). The district court instructed the jury:

INSTRUCTION NO. 10
ELEMENTS OF THE OFFENSE—COUNT TWO—
DISTRIBUTION OF HEROIN RESULTING IN DEATH

The crime of distributing heroin resulting in death, as charged in Count Two of the Indictment, has three essential elements, which are:

1. On or about April 14, 2010, the Defendant intentionally distributed heroin; and

2. At the time of the transfer, the Defendant knew that it was heroin; and

3. A death *resulted from* the use of the heroin.

For you to find that a death resulted from the use of heroin, the Government must prove, beyond a reasonable doubt, that the heroin distributed by the Defendant was a *contributing cause* of Joshua Banka's death. A contributing cause is a factor that, although not the primary cause, played a part in the death[.]

For you to find the Defendant guilty of the crime charged under Count Two the Government must prove all of these essential elements beyond

-2-

a reasonable doubt; otherwise you must find the Defendant not guilty of this crime under Count Two.

(emphasis added). The district court rejected Burrage's proposed jury instruction that the "results from" language in § 841(b)(1)(C) requires a showing of proximate cause. The district court also denied Burrage's motion for judgment of acquittal, which argued that the death did not "result from" heroin use because there was no evidence that heroin was a but-for cause of death. Burrage appealed.

Relying on *United States v. Monnier*, 412 F.3d 859 (8th Cir. 2005), this court held that the district court did not err by using "contributing cause" language to define the statute's causation element. **Burrage**, 687 F.3d at 1020-21, *citing* **Monnier**, 412 F.3d at 862. As to proximate cause, this court held that Burrage's proposed instructions "d[id] not correctly state the law" because "a showing of 'proximate cause' is not required under § 841(b)(1)." **Id.** at 1020, *quoting* **United States v. McIntosh**, 236 F.3d 968, 972-73 (8th Cir. 2001).

On certiorari, the Supreme Court reversed Burrage's conviction on Count 2, holding that

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

**Burrage**, 134 S. Ct. at 892. The Court stated that "the Government concedes that there is no 'evidence that [the victim] would have lived but for his heroin use.'" **Id.**, *citing* **Brief for United States** at 33 Burrage v. United States, 134 S. Ct. 881 (2014) (No. 12-7515), 2013 WL 5461835 at *33. The evidence was, therefore, insufficient to support a conviction on Count 2, and the government may not retry Burrage on this

count.  *See* **Burks v. United States**, 437 U.S. 1, 11 (1978) ("The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding."); **Palmer v. Grammer**, 863 F.2d 588, 592 (8th Cir. 1988) ("[W]hen a defendant challenging his conviction on appeal contends both that the trial was infected by error and that the evidence was constitutionally insufficient, the court may not, consistent with the rule of *Burks v. United States*, ignore the sufficiency claim, reverse on grounds of trial error, and remand for retrial. Because the first trial has plainly ended, retrial is foreclosed by the Double Jeopardy Clause if the evidence fails to satisfy the [constitutional standard for sufficiency].") (internal quotation marks omitted).

This court rejects Burrage's challenges to his conviction on Count 1 for the reasons stated in the prior opinion.  **Burrage**, 687 F.3d at 1021-26.

*******

Burrage's conviction on Count 2 is reversed.  Burrage's conviction on Count 1 is affirmed.  This case is remanded for proceedings consistent with this opinion.

_____