**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul Joseph HARMON,
Defendant–Appellant.**

No. 78–3523.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1980.

Decided Nov. 12, 1980.

Stanley P. Berg, Beverly Hills, Cal., for defendant–appellant.

Carolyn L. Gaines, Crim. Div., Dept. of Justice, Washington, D.C., argued, for plaintiff–appellee.

Before BROWNING, Chief Judge, POOLE, Circuit Judge, and WILKINS,* District Judge.

PER CURIAM:

Appellant and a number of co–defendants were charged with distributing cocaine and using a telephone to facilitate the distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1), and 843(b). Appellant failed to appear on the day of trial, and remained a fugitive until after his co–defendants had been convicted. Appellant was then apprehended, tried, and convicted. At both trials, the convictions rested in part upon evidence obtained through use of a wiretap authorized by court order issued pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq.* The wiretap was installed by entering upon private premises without permission of the owners, as expressly authorized by the court's order.

The convictions of appellant's co–defendants were reversed on appeal on two grounds: (1) that the statute did not permit courts to authorize break–ins to install listening devices, and (2) that a showing had not been made that normal investigative techniques were unlikely to succeed as required by Section 2518(1)(c) of the Act, 18 U.S.C. § 2518(1)(c). *United States v. Santora,* 583 F.2d 453 (9th Cir. 1978). The Supreme Court granted certiorari limited to the first issue, and vacated our opinion and remanded for reconsideration in light of *Dalia v. United States,* 441 U.S. 238, 99 S.Ct. 1682, 60 L.Ed.2d 177 (1979). *United*

---

* Honorable Philip C. Wilkins, United States District Judge for the Eastern District of California, sitting by designation.

States v. Santora, 441 U.S. 939, 99 S.Ct. 2155, 60 L.Ed.2d 1041 (1979). On remand we held that under Dalia the order authorizing the break–in and bugging was valid, but that the wiretap was nonetheless invalid, the evidence inadmissible, and the convictions invalid on the second ground, i. e., the inadequacy of the government's showing under section 2518(1)(c). United States v. Santora, 600 F.2d 1317 (9th Cir.), as amended, 609 F.2d 433 (9th Cir. 1979).

The parties agree that Santora controls and appellant's conviction therefore must be reversed. The only issue is whether retrial is barred by the Double Jeopardy clause.

■ The Supreme Court held in Burks v. United States, 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978), and Greene v. Massey, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978), that the Double Jeopardy Clause bars retrial after reversal for evidentiary insufficiency, but not after reversal for trial error. Incorrect receipt of evidence is trial error, Burks v. United States, 437 U.S. at 15, 98 S.Ct. at 2149. Nonetheless, appellant contends the sufficiency of the properly admitted evidence should be examined, and retrial should be barred if the admissible evidence was insufficient to prove guilt. The Supreme Court expressly reserved this question in Greene, 437 U.S. at 26 & n.9, 98 S.Ct. 2155 & n.9.

We rejected appellant's position in Santora, though without discussion. In our opinion on remand, we initially stated that the remaining evidence was insufficient to sustain the conviction of three of appellant's co–defendants and the Double Jeopardy Clause barred retrial. 600 F.2d at 1322. On the government's petition for rehearing we amended the opinion, however, to delete this language. 609 F.2d at 433. The holding necessarily implied by this modification is that the Double Jeopardy Clause does not bar retrial when reversal is based on the improper admission of evidence.

The reasoning underlying the Supreme Court's decision in Burks supports this result. Reversal for evidentiary insufficiency constitutes a decision that the government failed to prove the guilt of the accused.

Reversal for failure to suppress evidence involves only a determination that the trial process was defective in a material respect, and implies nothing as to the sufficiency of the evidence of guilt of the defendant. The untainted evidence introduced by the government does not necessarily reflect all other available evidence of the defendant's involvement. It is impossible to know what additional evidence the government might have produced had the faulty evidence been excluded at trial, or what theory the government might have pursued had the evidence before the jury been different. United States v. Mandel, 591 F.2d 1347, 1373–74 (4th Cir.), rev'd on other grounds, 602 F.2d 653 (4th Cir. 1979) (en banc); United States v. Block, 590 F.2d 535, 544 n.12 (4th Cir. 1978). It would prolong trials unduly to adopt a rule that would require the government to introduce all available evidence and assert every possible legal theory in anticipation of reversal of trial court rulings admitting evidence. Moreover,

> it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest.

United States v. Tateo, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964). See also United States v. Houltin, 566 F.2d 1027, 1033 (5th Cir. 1978).

■ Only one of the other issues raised by appellant is likely to arise in a new trial. Appellant asserts that it was error to admit evidence and instruct the jury on flight at the trial of the primary offense when a separate substantive charge of bail jumping in violation of 18 U.S.C. § 3150, based on the same flight, was also pending. Appellant recognizes that the Tenth Circuit has held to the contrary. See Hanks v. United States, 388 F.2d 171, 175 (10th Cir. 1968); accord, United States v. Ritch, 583 F.2d 1179, 1181 (1st Cir. 1978) (dictum). We agree with this holding.

Reversed.