UNITED STATES of America, Appellee,

v.

**Paul C. PORTER, Defendant, Appellant.**

No. 86–1573.

United States Court of Appeals,
First Circuit.

Argued Oct. 10, 1986.

Decided Dec. 18, 1986.

Morris M. Goldings with whom Richard S. Jacobs and Mahoney, Hawkes & Goldings, Boston, Mass., were on brief for defendant, appellant.

Sydney Hanlon, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

After a jury trial in the district court, Paul Porter was convicted on one count of conspiracy with intent to distribute marijuana, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(6), and 846 (1982). Porter appealed to this court, and we ruled that the district court had erred by admitting into evidence certain inculpatory statements made by Porter to DEA agents. We vacated the judgment of conviction and remanded Porter's case to the district court for further proceedings. *United States v. Porter,* 764 F.2d 1, 6–7 (1st Cir.1985). On remand, after the government noticed its intention to retry the case, Porter moved to dismiss

the indictment on grounds of double jeopardy. He argued that the government's evidence at the first trial was legally insufficient to sustain a conviction once the illegal evidence was deleted. Having failed to adduce adequate legally competent evidence the first time around, the government was barred by the double jeopardy clause, in Porter's view, from getting a "second bite at the apple."

The district court denied Porter's motion, indicating that it would permit a new trial. While apparently believing that a retrial was proper even if the government's original case were legally insufficient *without* the illegal evidence, the court indicated that it thought the remaining evidence here was, in fact, legally sufficient to go to the jury.

Porter took this interlocutory appeal from the court's denial of his motion to dismiss the indictment, relying on *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), which held that the denial of a double jeopardy challenge to an indictment is an order that is immediately appealable under 28 U.S.C. § 1291 (1982). *See also Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984). He contends that the district court erred both by considering the unconstitutionally admitted statements as part of the record properly reviewable in determining whether retrial would violate the double jeopardy clause, and also in finding that the remaining evidence was legally sufficient. We affirm.

## I.

We begin by disagreeing with the parties' characterization of the issue on appeal. They have framed it as being what evidence a court should consider when assessing the sufficiency of the evidence for double jeopardy purposes. We see the proper inquiry to be whether it is open to a defendant in these circumstances to raise a double jeopardy claim at all based upon the purported insufficiency of evidence at the first trial. The answer, we believe, is "no."

In *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), the Supreme Court refused to consider a similar claim involving a district court's ordering of a retrial following a hung jury. Defendant objected to the new trial order, arguing that the government's evidence at the first trial was legally insufficient for conviction on the "hung" counts. Accordingly, under the doctrine articulated in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978),[1] defendant argued that a retrial would violate his constitutional protection against double jeopardy. The district court rejected both assertions, a ruling the court of appeals saw as non-final and thus not appealable. The Supreme Court reversed the circuit court's decision of non-appealability, holding that *Abney* allowed an interlocutory appeal to be brought.

Having established appellate jurisdiction, the Supreme Court then turned to defendant's double jeopardy claim. It ruled that where a mistrial is ordered because of a hung jury, defendant has no valid double jeopardy claim to prevent his retrial "[r]egardless of the sufficiency of the evidence at petitioner's first trial." 104 S.Ct. at 3086. The Court reasoned that the protection afforded by the double jeopardy clause arises only "if there has been some event, such as an acquittal, which terminates the original jeopardy." *Id.* Ruling that the judicial declaration of a mistrial resulting from the failure of the jury to reach a verdict is not an event which terminates the initial jeopardy, the Court held that, wholly apart from the legal sufficiency of the evidence at the first trial, defendant could be retried without violating his constitutional rights. This result, the Court emphasized, helped serve " 'society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws.' " *Id.* at 3085, *quoting*

---

1. In *Burks,* the Supreme Court held that where an appellate court has set aside a conviction solely because of insufficient evidence, forcing a defendant to stand retrial would violate the double jeopardy clause.

*Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

In concluding that defendant could be retried, the Court refused to read *Burks* as resulting in "the sweeping change in the law of double jeopardy which petitioner would have us hold." 104 S.Ct. at 3085. It described *Burks* as holding merely "that once a defendant obtained an unreversed appellate ruling that the Government had failed to introduce sufficient evidence to convict him at trial, a second trial was barred by the Double Jeopardy Clause." *Id.* The Court pointed out that *Burks,* decided in 1978, had reversed earlier precedent and "did not extend beyond the procedural setting in which it arose." *Id.*

We believe that the reasoning of *Richardson* controls the instant appeal. It is true the *Richardson* decision focused on the circumstances surrounding a hung jury, but the principles upon which the Court relied are equally applicable here. Just as society has a strong interest in retrying a defendant after his jury cannot agree on a verdict, so it also has a strong interest in providing the government with a full and fair opportunity to prosecute a defendant whose conviction is reversed due to a trial error. The Supreme Court recognized as much in *Burks,* stating that

> reversal for trial error ... does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect.... When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

437 U.S. at 15, 98 S.Ct. at 2149. *See also Tibbs v. Florida,* 457 U.S. 31, 40, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652 (1982) ("society would pay too high a price 'were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction,'" *quoting United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964)).

Of equal importance, cases reversed for trial error do not pose "'an unacceptably high risk that the Government, with its superior resources, will wear down the defendant' and obtain a conviction solely through its persistence," *Tibbs v. Florida,* 457 U.S. 31, 43, 102 S.Ct. 2211, 2219, 72 L.Ed.2d 652 (1982), *quoting United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), a primary concern of the double jeopardy clause. Rather, in the initial trial, the government presented its best case and succeeded in gaining a conviction. Merely because it introduced evidence the appellate tribunal ruled inadmissible, the government should not be presumed to have acted wrongfully. The evidence survived the scrutiny of the trial judge. As in the present case, the error in admitting the evidence often involves a close judgment call which a prosecutor could not be expected to predict. Once the matter is determined, it is only fair that the government, acting on society's behalf, be permitted to review all the valid evidence in its possession, including evidence it may have withheld as surplus the first time around, and continue the prosecution if that is deemed justified.

■ Applying *Richardson* to the case at bar, we affirm the retrial order. Porter cannot argue that the vacating of his conviction for legal error, on direct appeal from his first trial, marked the end to his original jeopardy; the doctrine of continuing jeopardy, implicit in *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), and made explicit more recently, *see Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S.Ct. 1805, 1813–14, 80 L.Ed.2d 311 (1984); *Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970), has long since reject-

ed such claims. *Cf. Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) (no double jeopardy violation to retry a defendant after district court reversed conviction found to be against the weight of the evidence); *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (double jeopardy clause does not bar retrial after conviction for trial error). Just as Richardson's initial jeopardy was not terminated by the mistrial order, so Porter's initial jeopardy was not terminated by this court's decision, on direct appeal, to grant him a new trial because of the district court's error in admitting inadmissible evidence. As in *Richardson*, it is irrelevant to consider the sufficiency of the government's evidence at the first trial, however that is to be gauged. No "double" jeopardy question can arise at this point in time, since the original jeopardy has never ended.

█ Thus, we hold that where a conviction has been reversed *due to trial error* and a new trial ordered, and where, after remand, defendant raises a double jeopardy claim to bar his retrial, neither the district court, nor this court on an *Abney* appeal, need examine the sufficiency of the evidence at the first trial.[2] The situation is, of course, entirely different when the initial conviction was reversed on direct appeal for insufficiency of evidence. In such event, *Burks* prohibits a retrial.

*The district court's judgment is affirmed.*

---

**2.** Our decision is consistent, in practical effect, with the outcome in cases in five other circuits. *See, e.g., United States v. Key*, 725 F.2d 1123, 1127 (7th Cir.1984); *Linam v. Griffin*, 685 F.2d 369, 373–74 (10th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983); *United States v. Sarmiento Perez*, 667 F.2d 1239, 1239–40 (5th Cir.), *cert. denied*, 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 75 (1982); *United States v. Harmon*, 632 F.2d 812, 814 (9th Cir.1980); *United States v. Block*, 590 F.2d 535, 543–44 (4th Cir.1978). These courts, in cases decided before *Richardson*, uniformly held, when evaluating a double jeopardy challenge to a retrial order after vacation of a conviction for trial error, that *all* the evidence presented at the initial

trial—even that later found to be unconstitutionally admitted—must be counted.

Although *Richardson* leads us to a different analysis than was employed in these cases, the practical result is much the same, since by counting the illegally admitted evidence those courts in virtually all instances would deny the validity of double jeopardy claims based on the theory that the prosecution's evidence at the first trial was insufficient. In light of *Richardson*, we merely hold that where the first conviction was vacated for legal error, not insufficiency of evidence, the concept of continuing jeopardy rules out a double jeopardy claim based on purported insufficiency of evidence at the first trial.