**UNITED STATES of America**

v.

**Lynn O'BRIEN, Randy Parmeter, Ralph Rios and Charles Mercer Hopper aka Dominic Santini.**

**Cr. No. 86-0571 GG.**

United States District Court,
D. Puerto Rico.

March 12, 1990.

**570**

Daniel F. Lopez Romo, U.S. Atty., and Antonio R. Bazan, Asst. U.S. Atty., Hato Rey, P.R., for the U.S.

José A. Fuentes Agostini, San Juan, P.R., for Lynn O'Brien.

Julio E. Gil de Lamadrid, Hato Tejas, Bayamón, P.R., for Randy Parmeter.

José Antonio Pagán Nieves, San Juan, P.R., for Ralph Ríos.

Wilfredo Rodríguez Mercado, Río Piedras, P.R., and Carolyn Grace, Boston, Mass., for Dominic Santini.

## OPINION AND ORDER

GIERBOLINI, District Judge.

On June 30, 1989 the United States Court of Appeals for the First Circuit reversed the judgment of conviction under Count I (possession of marijuana with intent to distribute aboard a vessel of the United States or one subject to its jurisdiction) and III (unlawful use of social security number) of the Indictment against defendants Lynn O'Brien (O'Brien), Ralph Ríos (Ríos), Randy Parmeter (Parmeter), and Mercer Hopper a/k/a Dominic Santini (Santini). Judgment under Count II (possession of marijuana with intent to distribute aboard a vessel by citizens of the United States) was vacated and remanded to this court for further proceedings. A status conference was held on November 3, 1989 to discuss the Court of Appeals' decision, and to determine if a new trial as to Count II should take place. The parties were ordered to file briefs regarding this matter; they have complied.

A jury found defendants guilty back on May 5, 1987. Without taking into account time spent in prison before the trial was held, they have been incarcerated for almost three (3) years. Defendants O'Brien and Ríos were sentenced to eight (8) years in Count I and eight (8) years in Count II to be served concurrently with each other. Defendant Parmeter was sentenced to concurrent terms of twelve (12) years as to

Counts I and II, and a $20,000 fine. Defendant Santini was sentenced to thirty (30) years in Count I, thirty (30) years in Count II, and one (1) year in Count III to be served concurrently, plus a $100,000 fine as to each of Counts I and II. Defendants, with the exception of Santini, have been placed on bail after posting $50,000 unsecured bond pending resolution of the retrial issue. These defendants have either already served—or are about to serve—over a third of the sentence imposed on them by this court, the minimum required to be eligible for parole.

Defendants argued before the Court of Appeals that the government introduced no lawfully obtained evidence regarding their citizenship. During the trial, the government chose not to present evidence other than the testimony of Coast Guard Officer José Cruz to establish defendants' citizenship. Officer Cruz testified that he asked each defendant his or her name and citizenship after they had been rescued from their burning vessel, handcuffed, and brought aboard the U.S.S. KING where they were chained to the deck. Only after this questioning were defendants advised of their right not to testify in accordance with *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

The First Circuit did not find any circumstance that justified asking defendants about their citizenship before offering the *Miranda* warning. *United States v. John Doe a/k/a Lynn O'Brien*, 878 F.2d 1546, 1552 (1st Cir.1989). Questions about citizenship, asked on the high seas, of a person present on a vessel with drugs aboard would reasonably elicit an incriminating response. *Id.* at 1551. Since the district court admitted unlawfully obtained evidence, a new trial is permissible regardless of the fact that the remaining evidence was not sufficient to support the verdict. *Id.* at 1552 (*citing United States v. Porter*, 807 F.2d 21 (1st Cir.1986), *cert. denied*, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987)).

■ Defendants claim in their motions to dismiss that the Appeals Court's decision did not explicitly state if a retrial must be

held; that it left the determination of whether or not to celebrate a new trial to the district court. They argue that if the remaining evidence is not sufficient to convict defendants, a new trial should not be held because of double jeopardy considerations.

■ The double jeopardy clause provides that no person shall be subject for the same offense to be twice put in jeopardy of life and limb. U.S. Const. amend. V. The Supreme Court has recognized three separate guarantees embodied in this clause: 1) protection against a second prosecution for the same offense after acquittal, 2) against a second prosecution for the same offense after conviction, and 3) against multiple punishments for the same offense. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984). However, the clause does not protect against a second prosecution for the same offense after the defendant obtains a reversal on grounds of trial error. *Palmer v. Grammer*, 863 F.2d 588, 591 (8th Cir.1988). The First Circuit discussed this issue in *Porter, supra. See also United States v. Block*, 590 F.2d 535, 544 (4th Cir.1978); *United States v. Sarmiento Pérez*, 667 F.2d 1239, 1240 (5th Cir.), *cert. denied*, 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 75 (1982); *United States v. Key*, 725 F.2d 1123, 1127 (7th Cir.1984); *United States v. Harmon*, 632 F.2d 812, 814 (9th Cir.1980); *Linam v. Griffin*, 685 F.2d 369, 373–74 (10th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983).

■ The facts and the legal issue in *Porter, supra*, are very similar, if not identical, with those in the present case. Porter was convicted on one count of conspiracy with intent to distribute marijuana and, on appeal, it was ruled that the district court had erred by admitting into evidence certain inculpatory statements made by appellant to DEA agents. The judgment of the district court was vacated and the case was remanded. After notification by the government of its intention to retry the case, the defendant moved to dismiss the indictment on double jeopardy ground alleging that the evidence at the first trial was legally insufficient after the illegal evidence was deleted. The United States Court of Appeals for the First Circuit noted its disagreement with the appellant's contention and in so doing ruled as follows:

> As in the present case, the error in admitting the evidence often involves a close judgment call which a prosecutor could not have expected to predict. Once the matter is determined, it is only fair that the government, acting on society's behalf, *be permitted to review all the valid evidence it may have withheld as surplus the first time around, and continue the prosecution if that is deemed justified.* (Emphasis added. *Id.* at 23.

The above controls and determines the outcome of the instant case. The determining factor in deciding if a new trial should be held is not whether or not the remaining evidence would have proven sufficient to support a verdict, but if the conviction was vacated for trial error or insufficiency of evidence. *Id.* n. 2.

If a defendant obtains an appellate ruling that the government failed to introduce sufficient evidence to convict him, a second trial is barred by double jeopardy. *Id.* at 23 (*citing Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978)). When a defendant's conviction is overturned due to a failure of proof at trial, the prosecution cannot complain of prejudice for it has been given one fair opportunity to offer whatever proof it could assemble. *Burks v. United States*, 437 U.S. at 16, 98 S.Ct. at 2150.

■ However, a reversal for trial error does not imply that the government failed to prove its case. *Id.* (*citing Justices of Boston Municipal Court v. Lydon, supra* ). A reversal is not generally the same as an acquittal. *Palmer v. Grammer*, 863 F.2d at 591 (*citing United States v. Jorn*, 400 U.S. 470, 483–84, 91 S.Ct. 547, 556–57, 27 L.Ed.2d 543 (1971)). Reversal for trial error is the determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect. *Burks v. United States*, 437 U.S. at 15, 98 S.Ct. at 2149. In a case

involving trial error consisting of the erroneous admission of evidence, the appeals court must look to all the evidence, not just the legally admitted evidence, to determine whether a retrial is permitted. *Palmer v. Grammer*, 863 F.2d at 593. *See United States v. Porter*, 807 F.2d at 24.

The principle that a reviewing court must consider all the evidence admitted at trial in determining whether retrial is permissible under the double jeopardy clause has been adopted by the federal courts that have decided this issue. *Id.* at 594 n. 3. *See United States v. Porter, supra* (1st Cir.); *United States v. Mandel*, 591 F.2d 1347, 1373-74 (4th Cir.1979), *cert. denied*, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980); *United States v. Sarmiento Pérez, supra* (5th Cir.); *United States v. Tranowski*, 702 F.2d 668, 670 (7th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3586, 82 L.Ed.2d 884 (1987); *United States v. Harmon, supra* (9th Cir.). "Permitting retrial in this instance is not the sort of governmental oppression at which the double jeopardy clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to obtain a fair adjudication of his guilt, free from error". *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 290, 102 L.Ed.2d 265 (1988).

In the instant action, conviction under Count II was vacated due to trial error—the admission of testimony by Officer Cruz pertaining to the defendants' citizenship. The First Circuit did not find that there was insufficiency of evidence; therefore, a new trial is in order, and the government will be able to present any documentation or testimony it so chooses to prove defendants' citizenship. During the November 3, 1989 status conference the government expressed its intention to celebrate a new trial as to all defendants.

■ Defendant Santini—who, unlike the other defendants, will not be eligible for parole in the near future—filed a motion to dismiss pursuant to the Speedy Trial Act, 18 U.S.C. @ 3161 *et seq.* Defendant claims that the indictment should be dismissed with prejudice based on the fact that more than seventy (70) days have elapsed since

the Court of Appeals' mandate vacating and remanding Count II for further proceedings was issued. The government replied to Santini's motion pointing out that the delay resulting from the filing and prompt resolution of pretrial motions stalls the speedy trial term. Defendant Ríos filed a motion to dismiss on November 31, 1989, O'Brien filed her motion on December 1, 1989, and Parmeter filed his on December 28, 1989 pursuant to our order of November 3, 1989 (status conference). The resolution of these motions is among the matters discussed in the present order. Therefore, the speedy trial period has been effectively interrupted.

■ On December 28, 1989 attorney Carolyn Grace filed a motion for admission *pro hac vice* to represent defendant Santini on remand. While she claims to be familiar with the trial and appellate records in this action, she has not complied with our Local Rules. Attorneys who are neither residents of Puerto Rico nor maintain an office in this jurisdiction may be permitted to appear before this court only if they do so in association with a member of the Bar of the court. Rule 204.2 of the Local Rules of the United States District Court for the District of Puerto Rico. The address, telephone number, and written consent of the local counsel must be provided in the application for appearance before this court. *Id.*

On November 30, 1989 a hearing on our order to show cause against attorney Wilfredo Rivera Delgado for his failure to appear at the status conference held on November 3, 1989 took place. Attorney Rivera Mercado was instructed by this court that he will remain as attorney of record for defendant Santini, and that he shall continue with this case. Since then, defendant Santini has filed a motion *pro se.* Defendant is advised that according to our records, attorney Rivera Mercado continues to represent him, and that if he intends to file motions in the future, they should be signed by his attorney.

Wherefore, in view of the above, the motions to dismiss filed by defendants O'Brien, Ríos, Parmeter and Santini are

hereby DENIED. Attorney Carolyn Grace's motion to appear *pro hac vice* is DENIED without prejudice. A status conference is set for the 6th day of April, 1990 at 9:30 a.m. and the trial of the present case is set for the 24th day of April, 1990 at 9:30 a.m. SO ORDERED.