951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virgil R. FULLER, aka "Rennie" Fuller, and Calvin H. Canon,
aka "Cal" Canon, Defendants-Appellants.
 Nos. 91-30061, 91-30092.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 24, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The recorded conversations between Thompson, the confidential informant, and Canon on May 6, 1989, and among Canon, Fuller and Thompson on July 15, 1989, were not in furtherance of the conspiracy. See United States v. Nazemian, No. 87-5298, slip op. at 14489-90 (9th Cir. October 21, 1991); United States v. Layton, 720 F.2d 548, 556 (9th Cir.1983), cert. denied, 465 U.S. 1069 (1984); see also United States v. Vowiell, 869 F.2d 1264, 1267 (9th Cir.1989). Therefore, they were not admissible under Rule 801(d)(2)(e), FED.R.EVID.
 
 
 3
 With or without the taped conversations, our review of the record reveals there was insufficient evidence of Canon's guilt. Sufficient evidence exists to support a conviction if, viewing the evidence in the light most favorable to the prosecution, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in Jackson ). We must draw all reasonable inferences from the evidence that supports the conviction. United States v. Arriaga-Segura, 743 F.2d 1434, 1435 (9th Cir.1984).
 
 
 4
 The tapes, which were the strongest evidence against Canon, show at most knowledge by Canon, but not participation in the crimes he is alleged to have committed. The district court should have granted Canon's motion for judgment of acquittal under Rule 29, FED.R.CRIM.P. Because we reverse Canon's conviction on the basis of evidentiary insufficiency, rather than solely on the basis of incorrect receipt of the tape recordings, the Double Jeopardy Clause bars his retrial. Burks v. United States, 437 U.S. 1, 10-11, 17-18 (1978); United States v. Bibbero, 749 F.2d 581, 586 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985); United States v. Harmon, 632 F.2d 812, 814 (9th Cir.1980). "If all the evidence the government produced at a defendant's first trial, including that which should not have been admitted, is insufficient to support the conviction, then the government has had its proverbial 'one bite at the apple' and any retrial would be forbidden." Bibbero, 749 F.2d at 586 n. 3.
 
 
 5
 Fuller was tied to the farmhouse fire, and perhaps to the other crimes as well, by the testimony of Koch. However, we cannot say that admission of the tapes more likely than not had no effect on the verdict and therefore, the district court's evidentiary ruling was not harmless error. See United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987). Retrial of Fuller is not barred because his conviction is reversed on the basis of trial error in the admission of the tape recorded conversations. See Greene v. Massey, 437 U.S. 19, 21 (1978); Bibbero, 749 F.2d at 586; Harmon, 632 F.2d at 812.
 
 
 6
 The conviction of Canon is REVERSED and the case REMANDED with directions to enter judgment of acquittal. The conviction of Fuller is REVERSED and the case REMANDED to the district court for a new trial or other disposition. The mandate shall issue forthwith as to Canon.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3