9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MENDEZ-PEREZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo Rodriguez GARCIA, Defendant-Appellant.
 Nos. 92-10350, 92-10354.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1993.
Decided Oct. 27, 1993.
 
 Before: NORRIS, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Mendez-Perez and Pablo Garcia appeal their jury convictions of conspiracy to distribute heroin and distribution of 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Each argues the district court erred in admitting inadmissible hearsay at trial and that absent the inadmissible evidence there is no evidence to support the convictions. Garcia also argues that he was denied his right to a speedy trial. We reverse.
 
 
 3
 * and
 
 
 4
 Appellants first objected to Agent Baken's testimony that Rivera agreed to cooperate with the FBI's investigation. The government argues that Rivera's out-of-court statement, "I will cooperate with you," is a "verbal act" as it derives legal significance from the mere fact of being uttered. We believe that when Agent Baken testified that Rivera agreed to "cooperate," he was in effect saying that he was a percipient witness to Rivera's words or action, which communicated either an offer or an acceptance of an offer to cooperate. As neither an offer nor an acceptance is hearsay, the agreement to cooperate was properly admitted over that objection.
 
 B
 
 5
 The next statements admitted were those of an unidentified, unindicted coconspirator, made during the telephone call that Rivera placed at Agent Baken's direction. No evidence was introduced as to whom Rivera was calling. Nevertheless, after Agent Baken's preliminary testimony that (1) the purpose of the general investigation was to identify suppliers, (2) the intent behind the specific drug transaction with Rivera was to get his supplier, and (3) Rivera agreed to cooperate, it was fairly obvious that Rivera called the contact number for his supplier.
 
 
 6
 We do not believe Agent Baken's statement that Rivera made a telephone call at his instruction was the equivalent of testimony that Baken said "call your source" or Rivera said "I'm calling my source," both of which the district court ruled inadmissible. At most, the nonverbal conduct of Rivera's phone call constituted an implied assertion and thus was not hearsay. See Fed.R.Evid. 801(a).
 
 
 7
 The next question is whether the district court correctly found by a preponderance of the evidence that the unidentified declarant was a coconspirator and that his statements were made during the course and in furtherance of the conspiracy. See Fed.R.Evid. 801(d)(2)(E); Bourjaily v. United States, 483 U.S. 171, 175 (1986). We believe that the record amply supports the trial court's finding.[1]
 
 C
 
 8
 The next statement objected to was Agent Baken's testimony that he instructed Rivera to give the pay envelope to the Appellants. Mendez argues this testimony constitutes an inadmissible identification by Rivera of Appellants as his sources. The government's position is that Agent Baken's instruction at most constitutes an implied assertion. Under the federal hearsay rules, implied assertions are not hearsay. United States v. Lewis, 902 F.2d at 1179; United States v. Zenni, 492 F.Supp. 464, 469 (E.D.Ky.1980).
 
 
 9
 The key question is whether Agent Baken's instruction was intended to communicate to Rivera his belief that Appellants were Rivera's suppliers, or whether he merely gave instructions " 'consistent with a belief but without intending by his [words] to communicate that belief.' " Zenni, 492 F.Supp. at 467 (quoting Weinstein's Evidence p 801(a) at 801-55). Most likely, Agent Baken gave Rivera the instruction simply to direct his conduct. We conclude that the instruction is merely an implied assertion, and is not hearsay.[2]
 
 D
 
 10
 We next consider Agent Baken's testimony regarding Rivera's assertive conduct at the supermarket of showing the envelope to Agent Baken and then dropping the envelope. Whether or not he actually showed it, or dropped it, was never at issue. Rivera's conduct in dropping the envelope was clearly intended as an assertion to Agent Baken that the time had come for Rivera to pay his suppliers, and hence for Baken to arrest them.
 
 
 11
 The act of carrying out an instruction can constitute an assertion or declaration. White Indus., Inc. v. Cessna Aircraft Co., 611 F.Supp. 1049, 1075-76 (W.D.Mo.1985) (evidentiary rulings). As the district court noted in White, actions in direct and specific response to a request not only inferentially reflect the actor's belief that the actions were those requested; they represent the actor's intended assertion that they were. 611 F.Supp. at 1076. Rivera's conduct not only inferentially reflects his belief that Appellants were his suppliers; his actions are a direct assertion of that fact, given his instructions. Therefore we hold that Agent Baken's testimony relating Rivera's conduct in "fingering" the Appellants was inadmissible hearsay.[3]
 
 E
 
 12
 Appellants also seek to exclude a host of testimony regarding Appellants' own conduct or statements, on the theory that it all constitutes Rivera's post-arrest assertive conduct in orchestrating and conducting the fake payoff. The fact that they were unwittingly led to continue the conspiracy because they did not know Rivera was arrested does not bar the use against them of their own acts and statements to the extent they might otherwise be hearsay. Fed.R.Evid. 801(d)(2)(A); See United States v. Taylor, 802 F.2d 1108, 1117 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). Agent Baken's testimony regarding Appellants' instruction to Rivera at his home to meet him at the supermarket is admissible as Mendez' own statement under Rule 801(d)(2)(A) and as a coconspirator statement under 801(d)(2)(E). Moreover, Agent Baken's testimony regarding his observations of Appellants' conduct in appearing at Rivera's apartment is testimony regarding a fact within his personal knowledge and is not hearsay. Agent Wilson's testimony regarding his observation of Mendez gesturing to Rivera to attract his attention in the supermarket parking lot is the same and is also, to the extent a "statement," Mendez' admission under Rule 801(d)(2)(A).
 
 F
 
 13
 We can not say that the district court's erroneous admission of hearsay was harmless beyond a reasonable doubt. The evidence connecting Appellants to the conspiracy without Rivera's conduct in delivering the envelope consists of their showing up at his apartment and asking to meet him at the supermarket, where they worked on a car and offered Rivera a ride. There is evidence that Appellants were from Santa Ana and that Rivera's source was from Santa Ana; there is evidence that Appellants were in Las Vegas that day and Rivera's source was in Las Vegas that day.
 
 
 14
 There is also evidence that a telephone number in an apartment building in which they lived in Santa Ana (but not their own apartment) frequently called Rivera's number and an identified number in Las Vegas. There is no connection with the heroin, and a very weak connection with the payoff money. Accordingly, the convictions must be reversed.[4]
 
 II
 
 15
 Appellant Garcia claims that, in continuing the trial date from December 2 to February 3, the district court violated his statutory and constitutional rights to a speedy trial. He argues that because he did not join his codefendants' stipulation to continue the trial date, the time within which his trial was required to commence ran.
 
 
 16
 We recently held that trial delay arising from a continuance properly granted to codefendants results in excludable time as to the objecting defendant as well. United States v. Butz, 982 F.2d 1378, 1381 (9th Cir.1993). Here, the continuance was proper, the delay from his codefendants' continuance was excludable as to Garcia, and no speedy trial violations occurred.
 
 
 17
 The convictions are REVERSED and the cases are REMANDED for further proceedings not inconsistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 We also note that at least one of the statements--that "Pachangas" was at the post office--was offered for its truth, as tending to prove that Mendez was in fact "Pachangas" because Mendez had been at a Pak 'N' Mail in the vicinity at the approximate time of the call. The remainder of the conversation was either not hearsay, as questions are not "statements," United States v. Lewis, 902 F.2d 1176, 1179 (5th Cir.1990), or was admissible under other exceptions, see Fed.R.Evid. 803(3) & adv. comm. note
 Mendez also attacks the admission of Rivera's end of the conversation because he asserts that the jury was unable to follow the court's limiting instruction in the context of all the other evidence admitted. Rivera's statements, however, were not hearsay because they were obviously not offered for the truth of the matter asserted: "they liked it, I've got the money, I'll meet you at Carl's Jr." Fed.R.Evid. 801(c).
 
 
 [2]
 Mendez objected to the evidence on the ground that it was more prejudicial than probative as well as hearsay. Because we reverse on other grounds, we do not reach this issue. Should there be a new trial, however, the district court should conduct an analysis in light of this disposition of the probative value and prejudicial nature of this testimony under Rule 403. See United States v. Caro, 569 F.2d 411, 417 n. 10 (5th Cir.1978)
 
 
 [3]
 We recognize the Second Circuit has taken a contrary position. See United States v. Lopez, 584 F.2d 1175, 1179-80 (2d Cir.1978) (distinguishing between statements and acts and holding that evidence of the coconspirator's post-arrest meeting with the defendant at the government's instruction, if a statement at all, was admissible because it was post-conspiracy conduct)
 
 
 [4]
 Appellants also contend that the district court erred in denying their motions for acquittal because there was insufficient evidence to prove guilt beyond a reasonable doubt. This claim is without merit because in deciding the sufficiency of the evidence, we must take all evidence into account, including that which was improperly admitted. See United States v. Chu Kong Yin, 935 F.2d 990, 1001 (9th Cir.1991); United States v. Harmon, 632 F.2d 812, 814 (9th Cir.1980) (per curiam)